**E-FILED**
Friday, 12 October, 2012  10:16:24 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.   11-mc-1054 |
| ALL-FEED PROCESSING AND PACKAGING, INC., | ) ) ) | |
| Defendant. | ) | |

## O R D E R   &   O P I N I O N

This matter is before the Court on Defendant's Rule 59(e) Motion to Amend the Court's Ruling on Plaintiff's Petition for Civil Contempt Order. (Doc. 28). For the reasons stated below, the Rule 59(e) Motion is denied.

The Court set forth much of the background of this matter in its previous Order granting Plaintiff's Petition for Civil Contempt:

> On May 3, 2011, Plaintiff filed an Application for a Warrant to inspect Defendant's site in order to investigate employees' complaints of hazardous working conditions, including excessive dust and noise, and to monitor Defendant's compliance with a 2010 agreement with Plaintiff to abate certain hazards, after Defendant had refused to allow a voluntary inspection in April 2011. (Doc. 1). Magistrate Judge Gorman issued the Warrant the same day. (Doc. 2). On June 20, 2011, Plaintiff filed a Petition for Civil Contempt Order based on Defendant's alleged interference with Plaintiff's efforts to conduct "personal sampling"[1] of employees' exposure to hazards, as permitted by the May 3, 2011 Warrant, and Magistrate Judge Gorman issued an Order to Show Cause why Defendant should not be held in contempt on June 28, 2011. (Docs. 7-9). Defendant filed a Motion to Dismiss without

---

[1]    Personal sampling involves attaching a small sampling unit designed to allow an employee to work as usual to the employee's clothing in order to sample air quality and noise to which the employee is exposed.

> Prejudice or Stay the Petition for a Civil Contempt Order on July 12,
> 2011, to which Plaintiff responded on July 29, 2011. (Docs. 12 & 16).
> Defendant also filed a Response to the Show Cause Order on July 29.
> (Doc. 17). Magistrate Judge Gorman held a show cause hearing on
> August 3, 2011, at which the parties presented evidence and
> arguments. (8/3/2011 Minute Entry; 8/9/2011 Text Order; Doc. 20).

(Doc. 27 at 2-3). At the hearing, Magistrate Judge Gorman found Defendant in contempt of the warrant, noted the conditions under which All-Feed could purge the contempt, and directed the parties to submit an agreed proposed order, which they submitted and which was entered August 12, 2011 (Docs. 18 & 19). The parties' proposed order incorporated Magistrate Judge Gorman's order of a $500/day fine, purgeable when Defendant allowed sufficient monitoring by Plaintiff. Defendant objected to this order. (Doc. 19). Magistrate Judge Gorman, on further review, determined that the entry of an order of contempt may have exceeded his statutory authority as a magistrate judge, and so vacated the order of contempt; he instead certified a set of facts relating to the contempt allegation for this Court's consideration. (Doc. 25). Defendant objected to the certification of facts. (Doc. 26).

On March 24, 2012, the Court entered an Order finding Defendant in civil contempt of the warrant, imposed a coercive $500/day fine for the 62 days of contempt, totaling $31,000, and granted Plaintiff attorneys' fees and costs in the amount of $10,964.95. (Doc. 27). Now, in keeping with its habit of objecting to each and every order from the Court, Defendant has filed a Rule 59(e) Motion asking the Court to adopt its understanding of the parties' prior agreement as to purgation of the coercive sanction: Defendant claims that the order entered by Magistrate Judge Gorman provided that a fine "would be waived in its entirety upon OSHA's

successful completion of its inspection," and that this Court should adopt that portion of the order. (Doc. 29 at 2).

A motion to alter or amend judgment pursuant to Rule 59(e) may only be granted if a movant clearly establishes that the court made a manifest error of law or fact, or presents newly discovered evidence. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007) (*citing LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). "However, it is well-settled that a Rule 59(e) motion is not properly utilized 'to advance arguments or theories that could and should have been made before the district court rendered a judgment.'" *Id.* (*quoting LB Credit Corp.*, 49 F.3d at 1267). Here, Defendant's only basis for its instant Motion is that the Court should have adopted the portion of the parties' prior agreement to wipe out entire coercive fine if Defendant allowed sufficient monitoring, because the Court made reference to the order adopting the prior agreement in crafting its contempt sanction.

The Court must deny Defendant's Rule 59(e) Motion. First, Defendant's arguments do not show that the Court made a manifest error of law or fact, and do not present any newly discovered evidence, as required to succeed under Rule 59(e). Instead, Defendant merely asks the Court to alter its judgment to conform to the parties' previous agreement, without any showing of error by the Court. Second, the Court was not, in considering Plaintiff's' Motion for Civil Contempt, bound to adopt the parties' agreement or Magistrate Judge Gorman's prior order adopting their agreement, which he had vacated; the prior order was not, as Defendant suggests, a "recommendation" from Magistrate Judge Gorman. Indeed, Defendant itself

objected to that order, but is now also unwilling to accept the fact that it did not do as well before this Court as it would have liked. The agreement was merely a proposed order to Magistrate Judge Gorman, and was not binding on him. Moreover, his order was vacated, and the agreement lost any persuasive power it may have had at that time. The fact that this Court agreed with certain portions of the order does not mean that this Court was bound to accept it in its entirety, but merely that the Court felt that certain of its terms were appropriate; the Court certainly could have ruled just as it did without any reference at all to the agreement or the previous vacated order.[2]

Finally, the Court specifically considered and rejected the notion that "purgation" would completely wipe out a fine:

> [T]he Court has not been able to determine from precedential cases whether "purgation" merely cuts off the accrual of a per diem fine, or wipes it out altogether, as though there had been no contempt.[3] If Defendant is liable for 62 days of contempt at $500/day, it faces a fine of $31,000. The classic contempt sanction is imprisonment, and is "purgeable" if the contemnor is able to free himself by compliance. It is clear that, though the imprisoned contemnor is released from jail, he

---

[2]    The Court also notes, reviewing Magistrate Judge Gorman's and the parties' discussion of the sanction at the hearing, that both Magistrate Judge Gorman and the parties appeared to contemplate a "cutting off" of the fine, rather than its elimination, upon compliance with the warrant. (Doc. 20 at 24-27). This reading is bolstered by the fact that both Plaintiff and Defendant were quite concerned with the date or event that would cut off the accrual of the fine, which point would be unimportant once Defendant had complied if compliance fully eliminated the accrued fine. The previous order merely stated that the fine would be "purged," without further explanation. The Court is thus not convinced that Defendant's current paraphrase that the proposed order provided for the fine to "be waived in its entirety" is an accurate expression of Magistrate Judge Gorman's or the parties' original intention.

[3]    Defendant appears to assume that compliance merely cuts off the accrual of the fine, as it argues for a limitation of the fine and fees "to the date All-Feed purged on July 5, 2011." (Doc. 26 at 2).

did not escape the consequences of his contempt. He has already "paid," and cannot be given back his days lost in jail; compliance merely ends his jail time. There is no reason to suppose that the imposition of a fine should be treated differently in order to be considered "purgeable." Compliance merely cuts off the imposition of the coercive sanction, whether it be a per diem fine or jail time.

Therefore, the best reading of "purgeable" appears to imply that Defendant must pay the fine for the period between May 4, 2011, when it first refused to comply with the Warrant, and July 5, 2011, when it finally offered to allow Plaintiff to complete its inspections pursuant to the Warrant.

(Doc. 27 at 13-14). This analysis resulted in the $31,000 fine of which Defendant now complains. Defendant offers no argument or authority to show that this analysis was erroneous.

IT IS THEREFORE ORDERED that Defendant's Rule 59(e) Motion to Amend the Court's Ruling on Plaintiff's Petition for Civil Contempt Order (Doc. 28) is DENIED.

Entered this <u>11th</u> day of October, 2012.

s/ Joe B. McDade
_____
JOE BILLY McDADE
United States Senior District Judge
